**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| **TAMMY WEBB,** *Administratix of the Estate of* **Terri Beth Mays,** | **CIVIL ACTION NO. 6:23-188-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION and ORDER** |
| **WHITLEY COUNTY, KENTUCKY, et al.,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court upon three motions to exclude expert testimony brought by Defendants Whitley County, Jailer Brian Lawson, Austin Caldwell, Zach Hughes, Joseph Cureton, Nick Huddleston, as well as Defendants Sula Bowman and Kaytee George. (R. 55, 57, 59.) The Defendants have moved to exclude the Plaintiff's expert witnesses: Anthony Castillo (R. 55, 57); and Doctors Terren Trott, MD and Lori Roscoe (R. 59). The motions have been fully briefed and are therefore ripe for review. For the following reasons, the Defendants' R. 55 and 57 Motions are DENIED and the Defendants' R. 59 Motion is GRANTED.

## I.  FACTUAL BACKGROUND

The facts of this case are set out in great detail in the Court's corresponding Order. (*See* R. 91.) Accordingly, the Court incorporates by reference the facts from that Order.

## II.  LEGAL STANDARD

Under Federal Rule of Evidence 702, expert testimony will be admitted where the proponent shows that it satisfies four requirements: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the

testimony is the product of reliable principles and methods; and (4) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. Fed. R. Evid. 702(a)–(d). "The party proffering the expert has the burden of proving by a preponderance of the evidence that the expert satisfies Rule 702." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 478 (6th Cir. 2008).

"Rule 702 should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact." *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 516 (6th Cir. 1998) (citation omitted). "Mere weaknesses in the factual basis of an expert witness's opinion . . . bear on the weight of the evidence rather than on its admissibility." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000) (quotations and citation omitted).

As to reliability, in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), "the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony." Fed. R. Evid. 702, advisory committee notes to 2000 amendment. Rule 702 provides "general standards to assess reliability: whether the testimony is based upon 'sufficient facts or data,' whether the testimony is the 'product of reliable principles and methods,' and whether the expert 'has applied the principles and methods reliably to the facts of the case.'" *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529 (quoting Fed. R. Evid. 702).

A court's inquiry must focus "solely on principles and methodology, not on the conclusions they generate." *Daubert*, 509 U.S. at 595. "The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529–30. Courts should confirm that "the factual underpinnings of the expert's opinion [are] sound*," Greenwell*

*v. Boatwright*, 184 F.3d 492, 498 (6th Cir. 1999), but generally "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III.   ANALYSIS

#### A.   Motion to Exclude the Testimony of Corrections Expert Anthony Castillo

The Defendants move to exclude the expert testimony of corrections expert Anthony Castillo. The Defendants argue that Castillo is unqualified and that his methodologies are unreliable. (R. 55 at 3.) Further, The Defendants argue that his opinions are too general to be prescribed to any one defendant. (*Id.* at 7.)

Castillo is qualified to give expert testimony. Castillo is a corrections expert in jail operations. (R. 77 at 1.) He has over 40 years of experience in the correctional system. (*Id.*) His experience is vast, ranging from correctional officer, Chief Deputy, Chief Law Enforcement Officer, American Jail Association President, and criminal justice professor. (*Id.* at 2.) This past background provides extensive technical and specialized knowledge that will help the jury understand the evidence on this case.

The Defendants take issue with the fact that Castillo has never worked in Kentucky nor had he been in a small rural jail prior to his visit to the Whitley County Jail. (R. 55 at 4.) The issue with the Defendants' contention here is that it calls into question Castillo's credibility, not admissibility. Castillo's lack of experience in an identical facility goes to the weight of his testimony, which is a matter properly left to the jury. As the Plaintiff correctly points out, Rule 702 does not require an expert to have identical background experience. *Dilts v. United Group Services, LLC*, 500 F. App'x 440, 445 (6th Cir. 2012) ("[a]n expert's lack of experience in a particular subject matter does not render him unqualified so long as his general knowledge in the field can assist the trier of fact.") (citing *Surles ex rel. Johnson v.*

3

*Greyhound Lines*, Inc., 474 F.3d 288, 293-94 (6th Cir. 2007)); *See also Cummins ex rel. C.A.P. v. BIC USA, Inc.,* No. 1:08-CV-00019, 2011 WL 1399768, at *7 (W.D. Ky. Apr. 13, 2011) ("To require [experts] to have experience in such a narrow field is not what is required by Rule 702; his background need only be significant enough to provide reliable testimony that will assist the trier of fact.").

Castillo's testimony is also based on sufficient facts and data. The Defendants accuse Castillo of basing his opinions on "broad correctional standards rather than specific Kentucky statutes." (R. 57 at 4.) His report explicitly disproves this. (*See* R. 74-9 at 66.) Exhibit A of his report lists the "Sources Reflecting and Informing the Standard of Care." (*Id.*) Named among these standards are the Whitley County Detention Center Policies and Procedures, as well as multiple statutes and regulations. (*Id.* at 66, 84.) Likewise, Castillo's report indicates that he reviewed all relevant pleadings, reports, depositions, and policies. (*Id.* at 4.) Accordingly, the Plaintiff has presented sufficient evidence to conclude that Castillo's opinion is based on sufficient facts and data.

For similar reasons, Castillo's testimony is the product of reliable principles and methods. The Plaintiff has presented sufficient evidence that Castillo is a qualified expert who has both educational and practical experience in the field. Defendants offer no evidence as to how or why Castillo's methodology is unreliable. His opinions are informed by the relevant policies and procedures, Kentucky statutes and regulations, as well as notional guidelines. They help inform a standard of care relevant to the remaining negligence claims against certain defendants, which the Defendants themselves do not seem to dispute. (*See* R. 55 at 6: "to the extent that these opinions are admissible, while they might constitute evidence of negligence. . .".)

Lastly, Castillo's opinion reflects a reliable application of the principles and methods to the facts of this case. His ninety-nine page report is a comprehensive analysis of the

4

Defendants' roles and how their actions relate to the applicable standard of care. To the extent that the Defendants contest his opinion for being too generalized, they are making a dispute to his conclusions, not his methodology. *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997).

In total, the Defendants' contentions call into question factors that relate to Castillo's credibility, not admissibility. The record reflects that Castillo satisfies all Rule 702 requirements. Accordingly, the Defendants' R. 55 and 57 Motions are DENIED.

### B. Motion to Exclude the Testimony of Dr. Terren Trott, MD and Dr. Lori Roscoe

The Defendants' motion as to Dr. Terren Trott and Dr. Lori Roscoe is simple. They argue that "neither witness is qualified to render opinions regarding Whitley County jail policies or practices." (R. 59 at 2.) Because of this, they object to any testimony by either of these witnesses that non-medical personnel actions were negligent, reckless, or a wanton disregard for Mays' health conditions. (*Id.*)

The Plaintiff does not contest this motion. The Plaintiff agrees that neither of these experts will give opinions on Kentucky Jail standards, Whitley County Jail policies or procedures or that any non-medical defendants actions violated the law. (R. 78 at 1.) Finding no disagreement here, the Court concludes that Doctors Trott and Roscoe are barred from giving opinions regarding the non-medical defendants' culpability. Accordingly, the Defendants' R. 59 Motion is GRANTED.

### IV.  CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS as follows:

1) The Defendants' Motions to Exclude the expert testimony of Anthony Castillo (R. 55, 57) are DENIED.

2) The Defendants' Motion to Exclude the expert testimony of Drs. Trott and Roscoe

(R. 59) is GRANTED.

This 21st day of April, 2026.



**Signed By:**

***Karen K. Caldwell*** KKC

**United States District Judge**

6