**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

**TAMMY WEBB, *Administratix of the Estate of* Terri Beth Mays,**

**Plaintiff,**

**v.**

**WHITLEY COUNTY, KENTUCKY, et al.,**

**Defendants.**

**CIVIL ACTION NO. 6:23-188-KKC**

**OPINION and ORDER**

*** *** ***

This matter is before the Court on various motions filed by the Parties. (R. 100, 103, 105, 108, 112, 123, 124.) For the following reasons, the Parties' motions will be granted in part and denied in part.

## I. Plaintiff's Motions

### A. Plaintiff's Motions for Leave to File Second Supplemental Exhibit List (R. 123) and First Amended Witness List (R. 124)

Plaintiff seeks leave to file amended exhibit and witness lists. As to the exhibit list, Plaintiff seeks to correct an unintentional gap in the numbering. (R. 123 at 2.) As to the witness lists, Plaintiff determined that amendments are needed to (1) correct the descriptions of three witnesses already listed; (2) identify several witnesses by name who were identified in the depositions and records in this action and were previously encompassed by its general reservation of witnesses; and (3) to confirm the presentation of the testimony of Alishia McElfresh by deposition. (R. 124 at 1–2.)

Having considered the Motion and being otherwise sufficiently advised, the Court hereby **ORDERS** that Plaintiff's motions (R. 123, 124) to amend its witness and exhibit lists are **GRANED**. The Clerk of Court **SHALL FILE** Plaintiff's tendered witness list (R. 123-2) and exhibit list (R. 124-2).

**B. Plaintiff's Motion to Use the Deposition of Alishia McElfresh (R. 108)**

The Plaintiff seeks to present at trial the videotaped deposition of Alishia McElfresh. (R. 108.) Plaintiff represents that McElfresh is deceased. (*Id*. at 2.) The federal rules allow a party to use a deceased witnesses' deposition "for any purpose." Fed. R. Civ. P. 32(a)(4)(A). Accordingly, because McElfresh is unavailable by reason of her death, her videotaped deposition is admissible at trial, subject to the Federal Rules of Evidence.

Defendants do not challenge the general admissibility of McElfresh's deposition. Instead, they request permission to introduce McElfresh's criminal history and jail records, asserting that defense counsel elected not to impeach her during the deposition "for tactical reasons." (R. 114 at 2.) Defendants contend that these records show McElfresh was arrested fifty-six times between 1994 and 2023. (*Id*.) Plaintiff objects, arguing that the proposed jail records exceed the permissible scope of impeachment under Federal Rule of Evidence 609. (R. 120 at 13.)

The Court agrees with Plaintiff. Rule 609 permits impeachment of a witness' character for truthfulness through evidence of certain qualifying criminal convictions; it does not permit impeachment merely through evidence of arrests alone. *See* Fed. R. Evid. 609(a). An arrest is not a conviction and, standing alone, does not establish that a witness engaged in misconduct or bears on the witness' character for truthfulness. Allowing Defendants to introduce a criminal history printout would therefore create a substantial risk that the jury would improperly treat this as evidence of McElfresh's bad character or lack of credibility. McElfresh's conviction information is stated in the video deposition, and Defendants are free to impeach her character as to those convictions.

Additionally, McElfresh's deposition contains ten objections: nine by Defendants and one by the Plaintiff. The Defendants ask the Court to sustain all objections made during the deposition. (R. 114 at 3.) The Court's Pretrial Order specifically states that any objection

within a deposition must be raised specifically, by citation to page number and question number, or else it will be summarily overruled. (R. 14 at 2.)

Plaintiff points out that the Defendants' objections during the deposition were bare objections with no stated ground and no indication whether it went to form or substance. (R. 120 at 8.) Defendants' response states that "With regard to the objections made by the undersigned during the course of that deposition, the Court will find upon its review that the witness was continually asked to go beyond her personal knowledge and offer opinions as to what the deputy jailers supposedly knew or should have seen. Without providing specifics, she opined that the guards knew the "seriousness" of Ms. Mays' medical condition and intentionally denied her needed care." (R. 114 at 3.)

Defendants' generalized explanation is insufficient. They have not identified the particular testimony to which each objection applies, the precise ground for any objection, or the relevant page and question numbers, as required by the Pretrial Order. The Court will not independently sift through the deposition transcript to match Defendants' generalized arguments to particular objections. Accordingly, Defendants' deposition objections are overruled.

Plaintiff's sole objection concerns a question asking McElfresh about Mays's purportedly "faked" seizure. (R. 108 at 4.) In context, the question is relevant to the circumstances surrounding Mays' detention and to whether McElfresh was with Mays on November 1. Although the wording assumes that the seizure was "faked," the apparent purpose of the question was to establish McElfresh's presence and knowledge of the relevant events. Plaintiff has not shown that admission of the question would result in unfair prejudice, or that it is irrelevant. Plaintiff's objection is therefore overruled.

For the aforementioned reasons, Plaintiff's motion to use the McElfresh deposition (R. 108) is **GRANTED**. The Defendants' request to allow the introduction of McElfresh's

criminal history is **DENIED.** All ten objections during the deposition are **OVERRULED**. If the Defendants wish to raise specific objections as set forth in the Court's Scheduling Order, the Court will set a briefing schedule at the pretrial conference.

### C. Plaintiff's Remaining Motions *in Limine* (R. 105)

As to Plaintiff's motion *in limine* (R. 105), the Court hereby ORDERS the following:

| **Motion** | **Relief Sought** | **Ruling** |
|---|---|---|
| R. 105 (1) | Exclude Mays' drug use, addiction, prior criminal history, and the underlying charges, except as relevant to her medical condition and care. | **Denied.** Evidence of this is relevant to damages and causation. A blanket exclusion is not necessary. Plaintiff may raise specific objections at trial. |
| R. 105 (2) | Exclude reference to the summary judgment rulings, the dismissal of parties or claims. | **Granted.** All Parties are barred from referring to dismissed claims or previous rulings. |
| R. 105 (3) | Preclude Defendants from arguing that they had no duty to comply with written policy, or that they are "best practices." | **Denied.** Defendants may argue how the jail standards apply to the facts of this case and present evidence about the observation and implementation of the policies. Plaintiff may raise specific objections at trial. |
| R. 105 (4) | Preclude Defendants from offering opinion testimony beyond those disclosed in the Experts' reports. | **Denied.** All parties shall not offer undisclosed opinions on direct examination. FRCP 26(a)(4). However, a blanket order is unnecessary and risks restricting permissible testimony that explains, rebuts, or clarifies matters on cross-examination. Plaintiff may raise specific objections at trial. |
| R. 105 (5) | Preclude Defendants from arguing that Mays would have died anyway. | **Denied.** Evidence of Mays' deteriorating health condition is relevant to her pre-death conscious pain and suffering. Plaintiff may raise specific objections at trial. |
| R. 105(6) | Preclude apportionment of fault to dismissed parties that lack a foundation. | **Denied.** This request is better reserved as a specific objection at trial. Although Defendants have an obligation to comply with KRS 411.182 if they seek to apportion fault, Plaintiff's motion does not present specific evidence that Defendants cannot, or do not plan to comply. This is also better reserved for jury instructions and the verdict form. |

| | | |
|---|---|---|
| R. 105 (7) | Preclude "golden rule" arguments. | **Granted.** All Parties are precluded from making "golden rule" style arguments that jurors to place themselves in a party's position, or ask for a verdict based on passion, prejudice, or sympathy. |
| R. 105 (8) | Preclude Defendants from referencing funding, adverting, and financial impact. | **Granted.** This information is irrelevant to prove or disprove the remaining claims. All Parties are precluded from referring to these topics. |
| R. 105 (9) | Preclude witnesses and exhibits not properly disclosed. | **Denied.** Plaintiff does not present specific witnesses or exhibits that were improperly disclosed. The Court will decide any disclosure disputes if they arise. |

## II. Defendants' Motions *in Limine*

As to Defendants' motions *in limine* (R. 100, R. 103, and R. 112), the Court hereby ORDERS the following:

| **Motion** | **Relief Sought** | **Ruling** |
|---|---|---|
| | R. 100: Defendants Sula Bowman and Kaytee George | |
| R. 100 (1) | Exclude testimony or evidence of the Defendants' liability insurance. | **Granted.** FRE 411. |
| R. 100 (2) | Exclude evidence or references to other litigation involving the Defendants. | **Granted.** Other litigation is irrelevant to Plaintiff's remining claims, nor can it be used as propensity evidence. |
| R. 100 (3) | Preclude any testimony concerning "best practices" or national standards not relevant to Kentucky Jail Standards. | **Denied.** "Best practices" are relevant to determining the standard of care. Although Defendants are not legally bound to follow best practices, the framework involving their conduct is relevant to the remaining claims. |
| R. 100 (4) | Exclude all opinion testimony regarding the validity of decisions made or what Defendants should have done or any alleged deficiencies in decisions made. | **Denied.** The proposed testimony is relevant to the remaining negligence claims and may assist the factfinder in assessing whether Defendants' conduct satisfied the applicable standard of care. Any concerns regarding the weight or factual basis of those opinions go to credibility and are properly explored through cross-examination and rebuttal evidence. |
| R. 100 (5) | Prohibit Plaintiff from offering hearsay statements allegedly made by the defendants. | **Denied.** An opposing party's statement is definitionally not hearsay. FRE 801(d)(2). All parties remain free to make hearsay objections at trial. |

| | | |
|---|---|---|
| R. 100 (6) | Exclude evidence of dismissed constitutional claims. | **Granted.** All Parties are barred from referring to dismissed claims or previous rulings. |
| R. 100 (7) | Exclude evidence and arguments about qualified official immunity. | **Denied.** Although Defendants correctly assert that qualified immunity is a question of law for the Court, the requested blanket prohibition is overbroad and risks encompassing factual matters, particularly the Deputies' monitoring, response, and medical care duties, that Plaintiff may address. Defendants may object at trial if Plaintiff seeks to present legal concepts relating to qualified immunity to the jury. |
| R. 100 (8) | Exclude references to other jail incidents or regulatory violations. | **Denied.** This motion is overbroad. However, the Court will consider a limiting instruction at trial. |
| R. 100 (9) | Limit inflammatory or emotional evidence regarding Mays' suffering. | **Denied.** This motion lacks the necessary specificity. Defendant may raise specific objections at trial. |
| R. 100 (10) (i) | Exclude evidence regarding damages beyond those recoverable. | **Denied.** This motion is overbroad and may Preclude plaintiff from making arguments relating to her familial relationships and pain and suffering in jail. Defendants may raise specific objections at trial. |
| (ii) | Request that the Court preclude an award of any damages against the Defendants because they were not the proximate cause of the pain and suffering. | **Denied.** The Court will not categorically preclude damages before trial. |
| R. 100 (11) | Exclude all lay opinion testimony regarding the Defendants' duties, Mays' medical condition, or causation. | **Denied.** This motion is overbroad. Defendants do not cite specific arguments or specific witnesses that they anticipate will provide improper lay testimony. Defendants are free to raise a specific objection at trial if necessary. |
| R. 100 (12) | Preclude "golden rule" arguments. | **Granted.** All Parties are precluded from making "golden rule" style arguments that jurors to place themselves in a party's position, or ask for a verdict based on passion, prejudice, or sympathy. |
| R. 100 (13) | Preclude certain *voir dire* questioning. | **Denied as moot.** *Voir dire* will be conducted by the Court. The parties may submit proposed questions; however, the Court retains sole discretion over whether, and in |

| | | |
|---|---|---|
| | | what form, any such questions will be presented. |
| R. 103: Defendants Brian Lawson, Austin Caldwell, and Joseph Cureton | | |
| R 103 (1) | Preclude Plaintiff from introducing evidence relating to loss of consortium claims. | **Granted.** Mays' Estate is the Plaintiff. Mays' children were not added as Plaintiffs. Accordingly, evidence seeking damages for loss of consortium claims are irrelevant. |
| R. 103 (2) | Exclude Mr. Castillo's opinion under FRE 403. | **Denied.** Plaintiff may argue how national standards apply to the facts of this case or inform the jail's standards. Plaintiff may also present evidence about the observation and implementation of the policies. These standards are relevant to the remaining claims. Defendants may raise specific objections at trial. |
| R. 103 (3) "Omnibus motion" | | |
| (i) | Exclude references to insurance. | **Granted.** FRE 411. |
| (ii) | Exclude references to Defendants' law firm's past representation of Whitley County. | **Granted**. The attorney's past representation of Defendant(s) in different cases is irrelevant to Plaintiff's remaining claims. |
| (iii) | Exclude evidence of subsequent remedial measures. | **Granted.** FRE 407. |
| (iv) | Exclude reference to prior incidents of inmates alleged a failure to provide adequate treatment. | **Denied.** This motion is overbroad. Defendants do not state a specific instance or instances that may violate the rules of evidence. To the extent Plaintiff attempts to put on impermissible character evidence or propensity evidence, it will be excluded. Defendants are free to raise specific objections at trial. |
| (v) | Exclude reference to other lawsuits against the Defendants. | **Granted.** Other litigation is not relevant to Plaintiff's claims, nor can it be used as propensity evidence. |
| (vi) | Preclude Plaintiff from encouraging the jury to "send a message." | **Granted.** All Parties are precluded from encouraging the jury to base their verdict off anything other than the evidence presented. |
| (vii) | Preclude Plaintiff from making "golden rule" arguments. | **Granted.** All Parties are precluded from encouraging the jury to base their verdict off anything other than the evidence presented. |
| (viii) | Preclude Plaintiff from introducing an expert's report as evidence. | **Granted.** All Parties are precluded from doing so. |
| (ix) | Preclude Plaintiff from introducing pleadings or | **Granted.** All Parties are precluded from doing so. |

| | | |
|---|---|---|
| | disclosures other than for purposes of impeachment. | |
| (x) | Exclude evidence of dismissed claims. | **Granted.** All Parties are barred from referring to dismissed claims or previous rulings. |
| (xi) | Exclude expert testimony from witnesses not previously disclosed. | **Denied.** All parties shall not offer undisclosed opinions on direct examination. FRCP 26(a)(4). However, a blanket order is unnecessary and risks restricting permissible testimony that explains, rebuts, or clarifies matters on cross-examination. Defendants may raise specific objections at trial. |
| R. 112: Defendants Karen Bennett-Baker and Southern Health Partners, Inc. | | |
| R. 112 (1) | Exclude evidence published after the events in question intended to show standards of care. | Generally, courts exclude this kind of evidence. The Court will discuss this at the pretrial conference. |
| R. 112 (2) | Exclude evidence of liability insurance. | **Granted.** FRE 411. |
| R. 112 (3) | Exclude evidence of other medical malpractice claims against Defendants. | **Granted.** Other litigation is irrelevant to Plaintiff's claims, nor can it be used as propensity evidence. |
| R. 112 (4) | Exclude medical testimony on behalf of Plaintiff stated in terms of "possibility" rather than probability. | **Denied.** This motion is overbroad. Without specific identification of what evidence Plaintiff plans to present, the Court cannot make an informed ruling. Defendants are free to raise specific objections at trial. |
| R. 113 (5) | Allow Defendants' experts to testify in terms of possibility. | **Granted.** In accordance with the directive above, all Parties may put on evidence and expert witness testimony that was properly disclosed. If Plaintiff has an objection to the specific testimony of an expert witness, it is free to object at trial. |
| R. 112 (6) | Limit Plaintiff's use of video snippets in opening statements and closing arguments. | The Court will defer ruling on this until the Pretrial Conference. The parties should be prepared to present any video that they intend to use for opening or closing arguments at the Pretrial Conference. |
| R. 112 (7) | Preclude testimony or evidence of any new or previously undisclosed opinions from any of the expert witnesses | **Denied.** All parties shall not offer undisclosed opinions on direct examination. FRCP 26(a)(4). However, a blanket order is unnecessary and risks restricting permissible testimony that explains, rebuts, or clarifies matters on cross-examination. Defendants may raise specific objections at trial. |
| R. 112 (8) | Preclude hearsay documents. | **Denied.** Defendants do not present specific documents that are allegedly hearsay. The |

| | | |
|---|---|---|
| | | Court will decide any hearsay disputes at trial, if they arise. To the extent Defendants seek to preclude expert reports from being admitted as evidence, their motion is granted. All parties are precluded from doing so. |
| R. 112 (9) | Prohibit Plaintiff from introducing nonmedical causation opinions. | **Denied.** Defendants' generalized request to exclude "nonmedical causation opinions" lacks specificity. Any opinion based on scientific, technical, or specialized knowledge is governed by FRE 702, while lay opinions are limited by FRE 701. Defendants may assert specific objections at trial if necessary. |
| R. 112 (10) | Preclude any reference to the client representation of defense counsel's law firm. | **Granted.** Past representation of Defendant(s) in different cases is irrelevant to Plaintiff's claims |
| R. 112 (11) | Preclude any reference to or evidence, testimony or argument referring to Mays as a "victim" of the Defendants. | **Denied.** This is speculative and overbroad. Before Plaintiff raises this argument, it should approach the bench and seek the Court's permission. |
| R. 112 (12) | Preclude any argument asking the jury to "send a message" or act as the "conscience of the community." | **Granted.** All Parties are precluded from encouraging the jury to base their verdict off anything other than the evidence presented. |
| R. 112 (13) | Preclude questions as to the Defendants' moral or ethical obligation to use the "safest" choice in care decisions. | **Denied.** Defendants do not cite any specific references where Plaintiff intends to present such evidence. Defendants are free to raise a specific objection at trial. |
| R. 112 (14) | Preclude reference to discovery disputes. | **Granted.** All Parties are precluded from referencing discovery disputes. |
| R. 112 (15) | Preclude referencing motions seeking to exclude evidence. | **Granted.** The motions *in limine* are irrelevant to the merits of Plaintiff's remaining claims. |
| R. 112 (16) | Preclude "golden rule" arguments. | **Granted.** All Parties are precluded from making "golden rule" style arguments that jurors to place themselves in a party's position, or ask for a verdict based on passion, prejudice, or sympathy. |
| R. 112 (17) | Preclude evidence of mediation and settlement negotiations. | **Granted.** FRE 408. |
| R. 112 (18) | Prohibit the jury from considering outside sources. | **Denied as moot.** This type of request is properly handled with jury instructions. The Court will ensure that all jurors are instructed that they may not conduct outside research as to this case. |

| | | |
|---|---|---|
| R. 112 (19) | Prohibit Plaintiff from using documents printed from the internet. | **Denied.** This motion is overbroad and lacks specific detail to what documents, if any, Plaintiff plans to introduce. Defendants may raise a specific objection at trial. |
| R. 112 (20) | Preclude testimony regarding financial condition of the Parties. | **Granted.** The financial condition of the Parties is irrelevant to the Plaintiff's claims. |
| R. 112 (21) | Preclude any mention of the experts or treating physicians' medical malpractice insurance. | **Granted.** FRE 411. |
| R. 112 (22) | Preclude any reference to or evidence, testimony, or argument concerning any alleged breaches of the standard of care that did not cause injury as supported by expert testimony. | **Denied.** This "motion" lacks specificity. Defendants are correct that Plaintiff must prove breach and causation in order to prevail on its negligence claim. Defendants' request relates broadly to the evidence presented at trial. It is Plaintiff's duty to prove, and Defendant's duty to refute, that the elements of negligence are met. |
| R. 112 (23) | Separate all witnesses except for party representatives. | **Granted.** The Court will ensure compliance with FRE 615. |
| R. 112 (24) | Preclude reference to dispositive motions filed. | **Granted.** The Court's rulings relating to the dispositive motions is irrelevant to the Plaintiff's remaining claims. |
| R. 112 (25) | Preclude questioning about what Defendants would have done in hindsight. | **Denied.** Defendants' motion lacks specificity. The Defendants are free to raise a specific objection at trial. |
| R. 112 (26) | Require Plaintiff to provide advanced notice to the Defendants of any plan to use video depositions. | **Granted.** Plaintiff has already moved to use the McElfresh video deposition. (R. 108.) Plaintiff shall provide Defendants reasonable notice of its intent to use any other video depositions. |
| R. 112 (27) | Preclude Plaintiff from arguing that Karen Bennett-Baker was the "captain of the ship" or that she bore the "ultimate responsibility." | **Denied.** This motion is speculative and overbroad. Defendants are free to raise a specific objection at trial. |

## III. CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS the following:

1) Plaintiff's motions (R. 123, 124) to amend its witness and exhibit lists are **GRANED**. The Clerk of Court **SHALL FILE** Plaintiff's tendered witness list (R. 123-2) and exhibit list (R. 124-2).

2) Plaintiff's motion to use the McElfresh deposition (R. 108) is **GRANTED**. The Defendants' request to allow the introduction of McElfresh's criminal history is **DENIED.** All ten objections during the deposition are **OVERRULED**.

3) Plaintiff's motion *in limine* (R. 105) is **GRANTED** in part and **DENIED** in part.

4) Defendants Sula Bowman and Kaytee George's motion *in limine* (R. 100) is **GRANTED** in part and **DENIED** in part.

5) Defendants Brian Lawson, Austin Caldwell and Joseph Cureton's motion *in limine* (R. 103) is **GRANTED** in part and **DENIED** in part.

6) Defendants Southern Health Partners and Karen Baker's motion *in limine* (R. 112) is **GRANTED** in part and **DENIED** in part.

This 17th day of August, 2026.

**Signed By:**

***Karen K. Caldwell*** KKC

**United States District Judge**